

**United States Department of Justice**
*United States Attorney*
*District of New Jersey*
*Civil Division*

*970 Broad Street, Suite 700*     *general number: (973) 645-2700*
*Newark, New Jersey 07102*     *telephone: 973 645-2828*
    *fax: 973 297-2010*
    *e-mail: daniel.gibbons@usdoj.gov*

**Via EFC**

January 16, 2009

Hon. Susan D. Wigenton
United States District Court
50 Walnut Street
Newark, N.J.  07102

      Re:    Chao v. Chas. Schwab
              Civil Action No. 80-5622 (SDW)

Dear Judge Wigenton:

     It has been reported to me by counsel for Charles Schwab that the dispute between Charles Schwab and its former employees, which was the subject matter of the order of the Department of Labor that this action seeks to enforce, has been settled. See, attached orders of the Administrative Law Judge. Accordingly, the Secretary of Labor wishes to withdraw her complaint. A proposed order is attached.

     Thank you for your courtesies and attention.

                           Respectfully submitted,

                           RALPH J. MARRA
                           Acting United States Attorney

                           *ss/ Daniel J. Gibbons*

      By:     DANIEL J. GIBBONS
                           Assistant U.S. Attorney

# U.S. Department of Labor

Office of Administrative Law Judges
O'Neill Federal Building - Room 411
10 Causeway Street
Boston, MA 02222

(617) 223-9355
(617) 223-4254 (FAX)



Issue Date: 14 January 2009

CASE NO.: 2009-SOX-00012

*In the Matter of*

**RICHARD LIEBCHEN,**
*Complainant*

v.

**CHARLES SCHWAB AND COMPANY, INC.,
SCHWAB BANK, N.A.,
THE CHARLES SCHWAB CORPORATION,
LARRY GOLDSTEIN, SCOTT JENSEN, JOHN FOY**
*Respondents*

## DECISION AND ORDER APPROVING SETTLEMENT AND DISMISSING COMPLAINT WITH PREJUDICE

This matter arises under the employee protection provisions of Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002, (Public Law 107-204), 18 U.S.C. § 1514A ("Act" or SOX") as implemented by 29 C.F.R. Part 1980. This statutory provision, in part, prohibits an employer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and companies required to file reports under Section 15(d) of the Securities Exchange Act of 1934 from discharging, or otherwise discriminating against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee provided the employer or Federal Government information relating to alleged violations of 18 U.S.C. §§ 1341 (mail fraud and swindle), 1343 (fraud by wire, radio, or television), 1344 (bank fraud), 1348 (security fraud), any rule or regulation of the Securities and Exchange Commission ("SEC"), or any provision of federal law relating to fraud against shareholders.

On January 13, 2009, the parties filed a Joint Motion for Dismissal With Prejudice along with a Confidential Settlement Agreement and General Release which fully settles and resolves the parties' dispute. The SOX regulations address settlements. Specifically, 29 C.F.R. §1980.111(d)(2) states:

> At any time after the filing of objections to the Assistant Secretary's findings and/or order, the case may be settled if the participating parties agree to a settlement and the settlement is approved by the administrative law judge if the

case is before the judge. . . A copy of the settlement will be filed with the administrative law judge . . .

A settlement approved by the administrative law judge shall constitute the final order of the Secretary and may be enforced pursuant to Section 1980.113 (Federal District Court). 29 C.F.R. § 1980.111(e).

I note that the Agreement encompasses settlement of matters under laws other than the Sarbanes-Oxley Act. My authority to approve settlements is limited to the SOX matter that is within my jurisdiction as specifically provided under that statute. Therefore, I approve only the terms of the agreement pertaining to the Complainant's SOX claim. *Poulos v. Ambassador Fuel Oil Co., Inc.*, 86-CAA-1, slip op. at 2 (Sec'y Nov. 2, 1987).

Paragraph 20 of the Agreement provides that the Agreement shall be governed and interpreted under the laws of the State of New Jersey. The Department of Labor's Administrative Review Board ("ARB") has construed similar "'choice of law' provision[s] as not limiting the authority of the Secretary of Labor and any Federal court, which shall be governed in all respects by the laws and regulations of the United States." *Pegg v. Crest Foam Company, et. al.*, ARB No. 08-129, ALJ No. 2008-STA-049, (ARB Nov. 4, 2008) citing *Philips v. Citizens' Ass'n for Sound Energy*, 191-ERA-025, slip op. at 2 (Sec'y Nov. 4 1991).

The Complainant and Respondents were ably represented by counsel. The Complainant represents his understanding of the Agreement's provisions and voluntarily accepts the settlement. Having reviewed the agreement, I find the provisions are fair, adequate and not contrary to the public interest. Further, the settlement supports a finding that the complaint be dismissed with prejudice. Accordingly, approval of the agreement is appropriate. Upon my approval, the parties shall implement their settlement as specifically stated in the agreement. This Decision and Order shall have the same force and effect as one made after a full hearings on the merits.

The parties have agreed to keep the specific terms of the agreement confidential, subject to applicable laws, and request that the settlement agreement be sealed and remain confidential pursuant to 29 C.F.R. § 70.26. To effectuate such confidentiality, I have sealed the settlement. However, notwithstanding the parties' agreement, the parties' submission, including the settlement agreement, become part of the record of the case and are subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). If a FOIA request is made for the settlement agreement, the U.S. Department of Labor will have to respond and decide whether to exercise it's discretion to claim any applicable exemption. The parties are entitled to pre-disclosure notifications rights under 29 C.F.R. § 70.26.

## ORDER

Wherefore, it is ordered that:

1. The Settlement Agreement is APPROVED;

2. The complaint is DISMISSED WITH PREJUDICE; and

3. The Settlement Agreement is designated as "CONFIDENTIAL COMMERCIAL INFORMATION", under 20 C.F.R. § 70.26, and shall be afforded the protections thereunder.

**SO ORDERED.**

*Colleen A. Geraghty*

**COLLEEN A. GERAGHTY**
Administrative Law Judge

Boston, Massachusetts

# SERVICE SHEET

Case Name: LIEBCHEN_RICK_v_THE_CHARLES_SCHWAB_C_

Case Number: **2009SOX00012**

Document Title: **Decision and Order Approving Settlement and Dismissing Complaint with Prejudice**

I hereby certify that a copy of the above-referenced document was sent to the following this 14th day of January, 2009:

*[signature]*

**J LIGOURI**

Regional Administrator
Region 2
U. S. Department of Labor, OSHA
Room 670
201 Varick St.
New York, NY 10014
 {Hard Copy - Regular Mail}

Regional Solicitor
U. S. Department of Labor
Room 983
201 Varick Street
New York, NY 10014
 {Hard Copy - Regular Mail}

Directorate of Enforcement Programs
U. S. Department of Labor, OSHA
Room N-3603, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
 {Hard Copy - Regular Mail}

Associate Solicitor
Division of Fair Labor Standards
U. S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
 {Hard Copy - Regular Mail}

Deputy Director
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
 {Hard Copy - Regular Mail}

Jill L Rosenberg, Esq.
Kristina C. Hammond, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York City, NY 10103
 {Hard Copy - Regular Mail}

**SERVICE SHEET** continued (2009SOX00012 Case Decision)    Page: 2

Kenneth A Goldberg, Esq.
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York City, NY 10165
    *{Hard Copy - Regular Mail}*

Rick Liebchen
124 Claremont Terrace
Wayne, NJ 07470
    *{Hard Copy - Regular Mail}*

U.S. Department of Labor

Office of Administrative Law Judges
O'Neill Federal Building - Room 411
10 Causeway Street
Boston, MA 02222

(617) 223-9355
(617) 223-4254 (FAX)



Issue Date: 14 January 2009

CASE NO.: 2009-SOX-00013

*In the Matter of*

**SCOTT WERLING**
*Complainant*

v.

**CHARLES SCHWAB AND COMPANY, INC.,
SCHWAB BANK, N.A.,
THE CHARLES SCHWAB CORPORATION,
LARRY GOLDSTEIN, SCOTT JENSEN, JOHN FOY**
*Respondents*

## DECISION AND ORDER APPROVING SETTLEMENT AND DISMISSING COMPLAINT WITH PREJUDICE

This matter arises under the employee protection provisions of Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002, (Public Law 107-204), 18 U.S.C. § 1514A ("Act" or SOX") as implemented by 29 C.F.R. Part 1980. This statutory provision, in part, prohibits an employer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and companies required to file reports under Section 15(d) of the Securities Exchange Act of 1934 from discharging, or otherwise discriminating against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee provided the employer or Federal Government information relating to alleged violations of 18 U.S.C. §§ 1341 (mail fraud and swindle), 1343 (fraud by wire, radio, or television), 1344 (bank fraud), 1348 (security fraud), any rule or regulation of the Securities and Exchange Commission ("SEC"), or any provision of federal law relating to fraud against shareholders.

On January 13, 2009, the parties filed a Joint Motion for Dismissal With Prejudice along with a Confidential Settlement Agreement and General Release which fully settles and resolves the parties' dispute. The SOX regulations address settlements. Specifically, 29 C.F.R. §1980.111(d)(2) states:

> At any time after the filing of objections to the Assistant Secretary's findings and/or order, the case may be settled if the participating parties agree to a settlement and the settlement is approved by the administrative law judge if the

case is before the judge... A copy of the settlement will be filed with the administrative law judge...

A settlement approved by the administrative law judge shall constitute the final order of the Secretary and may be enforced pursuant to Section 1980.113 (Federal District Court). 29 C.F.R. § 1980.111(e).

I note that the Agreement encompasses settlement of matters under laws other than the Sarbanes-Oxley Act. My authority to approve settlements is limited to the SOX matter that is within my jurisdiction as specifically provided under that statute. Therefore, I approve only the terms of the agreement pertaining to the Complainant's SOX claim. *Poulos v. Ambassador Fuel Oil Co., Inc.*, 86-CAA-1, slip op. at 2 (Sec'y Nov. 2, 1987).

Paragraph 20 of the Agreement provides that the Agreement shall be governed and interpreted under the laws of the State of New Jersey. The Department of Labor's Administrative Review Board ("ARB") has construed similar "'choice of law' provision[s] as not limiting the authority of the Secretary of Labor and any Federal court, which shall be governed in all respects by the laws and regulations of the United States." *Pegg v. Crest Foam Company, et. al*, ARB No. 08-129, ALJ No. 2008-STA-049, (ARB Nov. 4, 2008) citing *Philips v. Citizens' Ass'n for Sound Energy*, 191-ERA-025, slip op. at 2 (Sec'y Nov. 4 1991).

The Complainant and Respondents were ably represented by counsel. The Complainant represents his understanding of the Agreement's provisions and voluntarily accepts the settlement. Having reviewed the agreement, I find the provisions are fair, adequate and not contrary to the public interest. Further, the settlement supports a finding that the complaint be dismissed with prejudice. Accordingly, approval of the agreement is appropriate. Upon my approval, the parties shall implement their settlement as specifically stated in the agreement. This Decision and Order shall have the same force and effect as one made after a full hearings on the merits.

The parties have agreed to keep the specific terms of the agreement confidential, subject to applicable laws, and request that the settlement agreement be sealed and remain confidential pursuant to 29 C.F.R. § 70.26. To effectuate such confidentiality, I have sealed the settlement. However, notwithstanding the parties' agreement, the parties' submission, including the settlement agreement, become part of the record of the case and are subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). If a FOIA request is made for the settlement agreement, the U.S. Department of Labor will have to respond and decide whether to exercise it's discretion to claim any applicable exemption. The parties are entitled to pre-disclosure notifications rights under 29 C.F.R. § 70.26.

## ORDER

Wherefore, it is ordered that:

1. The Settlement Agreement is APPROVED;

2. The complaint is DISMISSED WITH PREJUDICE; and

3. The Settlement Agreement is designated as "CONFIDENTIAL COMMERCIAL INFORMATION", under 20 C.F.R. § 70.26, and shall be afforded the protections thereunder.

**SO ORDERED.**

*Colleen A. Geraghty*

**COLLEEN A. GERAGHTY**
Administrative Law Judge

Boston, Massachusetts

# SERVICE SHEET

Case Name: WERLING_SCOTT_v_THE_CHARLES_SCHWAB_C_

Case Number: **2009SOX00013**

Document Title: **Decision and ORder Approving Settlement and Dismissing Complaint with Prejudice**

I hereby certify that a copy of the above-referenced document was sent to the following this 14th day of January, 2009:

*Jeanette M. Ligouri* (signature)

**J LIGOURI**

Regional Administrator
Region 2
U. S. Department of Labor, OSHA
Room 670
201 Varick St.
New York, NY 10014
    *{Hard Copy - Regular Mail}*

Associate Solicitor
Division of Fair Labor Standards
U. S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
    *{Hard Copy - Regular Mail}*

Regional Solicitor
U. S. Department of Labor
Room 983
201 Varick Street
New York, NY 10014
    *{Hard Copy - Regular Mail}*

Deputy Director
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
    *{Hard Copy - Regular Mail}*

Directorate of Enforcement Programs
U. S. Department of Labor, OSHA
Room N-3603, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
    *{Hard Copy - Regular Mail}*

Jill L Rosenberg, Esq.
Kristina C. Hammond, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York City, NY 10103
    *{Hard Copy - Regular Mail}*

Kenneth A Goldberg, Esq.
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York City, NY 10165
    *{Hard Copy - Regular Mail}*

Scott Werling
35 Machicas Street
Clifton, NJ 07013
    *{Hard Copy - Regular Mail}*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ELAINE L. CHAO, Secretary of Labor, : Civil Action No.
United States Department of Labor    08-5622 (SDW)
:
        Plaintiff,

   v.
: ORDER
The Charles Schwab Corporation,
Charles Schwab & Co, Inc.,
Charles Schwab Bank,
:
        Defendant. :

---

THIS MATTER, having been opened to the Court upon the application of the Secretary of the United States Department of Labor for an order enforcing the order of the Secretary of Labor that the Defendant reinstate its former employees Rick Liebchen and Scott Werling; and

It having been reported to the Court by Counsel for the Secretary that the Defendant and its former employees have amicably settled their dispute, and accordingly the Secretary's order of reinstatement is moot, it is on this      day of January, 2009,

ORDERED that the Complaint is deemed withdrawn, and the matter is closed.

                                              _____
                                              Hon. Susan D. Wigenton
                                              United States District Court